IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GERALD LEE,

    Plaintiff,

vs.                                        CASE NO. 5:09-cv-12/RS/EMT

ANDERSON COLUMBIA CO., INC.,

    Defendant.

_____/

**ORDER**

Before me are Defendant's Motion to Dismiss or, in the alternative, to Stay (Doc. 3) and Plaintiff's Response in Opposition (Doc. 4).

**I. Background**

In a two-count complaint, Plaintiff alleges that he was subjected to gender discrimination and retaliation by Defendant in violation of Chapter 760, Florida Statutes, 42 U.S.C. § 2000e (Title VII), and 42 U.S.C. § 1981a. Defendant has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as to both counts.

**II. Analysis**

**A. Rule 12(b)(6) Standard of Dismissal for Failure to State a Claim**

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those

allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief.

*Twombly*, 127 S. Ct. at 1964-66 (citations omitted).  A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.  In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.  *Id.* at 1964-65 (citations omitted).

## B. Application

### Right-to-sue:

Defendant's main argument supporting its motion to dismiss is that Plaintiff has failed to state a claim upon which relief can be granted because he failed to receive statutory notice of his right to sue from the Equal Employment Opportunity Commission (EEOC) before filing his lawsuit.  Before instituting a Title VII action in federal court, a private plaintiff must file an EEOC complaint against the discriminating party and receive a statutory notice from the EEOC of his or her right to sue.  *Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) (citing *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B. 1982)).  If, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days.  42 U.S.C. § 2000e-5(f)(1) (2000).  Receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in federal court, but rather, is a "condition

precedent subject to equitable modification." *Forehand*, 89 F.3d at 1567. A court may waive the right-to-sue notice requirement when it would be unfair to a Plaintiff not to do so. *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1526 (11th Cir. 1983) (right-to-sue notice requirement is waived when Plaintiff has diligently attempted to obtain notice).

In this case, Plaintiff has offered evidence showing that he properly filed a grievance with the EEOC and requested a right-to-sue notice. While it is impossible to tell from the record what has caused the delay in receipt of the right-to-sue notice, it is clear that the fact that Plaintiff has not yet received his right-to-sue notice is not Plaintiff's fault. To dismiss Plaintiff's claims on the basis of non-receipt of the right-to-sue notice would be unfair and, thus, the notice requirement shall be waived. Defendant's motion as it pertains to the failure of Plaintiff to obtain notice is denied.

**§ 1981 Claim:**

Defendant argues that Plaintiff's gender discrimination and retaliation claims are not protected by 42 U.S.C. § 1981 because that law does not prohibit gender discrimination. Plaintiff responds that his claim was not filed under § 1981, but rather under § 1981a, which provides, in pertinent part, that, "In an action brought by a complaining party . . . against a respondent who engaged in unlawful intentional discrimination . . . the complaining party may recover compensatory and punitive damages . . . in addition to any relief authorized by [42 U.S.C. § 2000e-5(g)1] from the respondent." 42 U.S.C. § 1981a(a)(1) (2000). A Plaintiff is entitled to sue under § 1981a

for gender discrimination.  *See West v. Gibson*, 527 U.S. 212, 215, 119 S.Ct. 1906, 1909 (1999); *Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999).  As a result, Defendant's motion as it pertains to § 1981a is denied.

**State Claims:**

Defendant's request to dismiss the state law claims because no federal question exists is denied as moot given my previous analysis.

**Stay of Proceedings:**

Defendant has not cited and I have not found any authority that would require me to stay this proceeding pending the issuance of the EEOC notice.  As already discussed, the Eleventh Circuit has permitted a case to go forward without the issuance of the right-to-sue notice and has not required a stay.  *Fouche*, 713 F.2d at 1526.  As a result, Defendant's request for a stay is denied.

### III. Conclusion

Defendant's Motion to Dismiss (Doc. 3) is **DENIED**.


**ORDERED** on March 23, 2009.


/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**